UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DANIEL ALEXANDER,<br><br>         Petitioner,<br><br>v.<br><br>RAYMOND MADDEN, Warden,<br><br>         Respondent. | Case No.: 3:15-cv-002498-GPC-AGS<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**<br><br>**[Dkt. No. 24]** |

  Before the Court is Petitioner Alexander's motion for preliminary injunction and/or temporary restraining order. Dkt. No. 24. Upon review of the moving papers, the applicable law and for the foregoing reasons, the Court **DENIES** Petitioner's motion.

  On November 3, 2015, Petition filed for habeas relief under 28 U.S.C. § 2254. Dkt. No. 1 at 1. In it, Petitioner argues that the state's court's failure to grant him prison conduct credits — i.e., days off of his sentence for good behavior — violates the fourteenth amendment's equal protection clause because he is not being treated the same as similarly situated prisoners. *Id.* at 6. Petitioner further argues that Section 667(e)(2) of the California Penal Code "does not prevent CDCR [California Department of Corrections and Rehabilitation] from granting Petitioner prison conduct credits" and that he is a "class of one" for purposes of his equal protection claim. *Id.* Accordingly, Petitioner argues that the state court's denial of his state habeas petition resulted in a

decision that was contrary to, and an unreasonable application of, clearly established federal law. *Id.*

On July 27, 2017, *nunc pro tunc* June 29, 2017, Petitioner filed the instant motion for preliminary injunction or temporary restraining order. Dkt. No. 24 at 2. In the motion, petitioner states that he is "not being provided equal treatment compared to similarly situated, and virtually identically situated, prisoners" with regards to the granting of good time credits. *Id.* (emphasis removed). He goes on to argue that the state's failure to uphold his fourteenth amendment rights is causing him irreparable harm because of his "continued incarceration." *Id.* at 2 ("Any person being imprisoned, in violation of their constitutional rights is being injured."). Then, in his prayer for relief, Petitioner asks the court to issue "an immediate order for a preliminary injunction or a temporary restraining order" that: (1) "requires CDCR to retroactively apply the newly implemented good conduct credit provision of the CCR [California Code of Regulations]" and (2) requires CDCR to repeal the language contained within Section 2249.1(a)(1) and 3490(a)(1) of title 15 of the CCR. Dkt. No. 24 at 4.

## **DISCUSSION**

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 24 (2008). "In each case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Id.* (citing *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542 (1987) (internal citations omitted)). As such, "the grant of a preliminary injunction is a matter committed to the discretion of the trial judge." *Evans v. Shoshone-Bannock Land Use Policy Comm'n*, 736 F.3d 1298, 1307 (9th Cir. 2013). This discretion allows courts to properly evaluate when it is appropriate to grant preliminary relief in light of the "infinite variety of situations which may confront it." *A.L.K. Corp. v. Columbia Pictures Indus., Inc.*, 440 F.2d 761, 763 (3d Cir. 1971).

District courts exercise this discretion according to a four-factor test mandated by traditional principles of equity. *ebay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391

(2006). The test requires a plaintiff to demonstrate that she is (1) likely to succeed on the merits, (2) likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in her favor, and (4) that an injunction is in the public interest. *Winter*, 555 U.S. at 20. The standard for issuing a temporary restraining order is the same as that for a preliminary injunction. *See New Motor Vehicle Bd. Of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977); *see also Koller v. Brown*, 224 F. Supp. 3d 871, 875 (N.D. Cal. 2016).

Even construing Petitioner's motion liberally, *see Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (internal quotations omitted), it does not satisfy the four elements of this test. Petitioner states that he will suffer irreparable harm in the form of "continued incarceration," Dkt. No. 24 at 3, but irreparable injury is just one of the four elements that must be satisfied in order to obtain a preliminary injunction or restraining order. Petitioner makes no argument about why he is likely to succeed on the merits of his claims, why the balance of equities tips in his favor, or why the injunction is in the public interest. *See generally* Dkt. No. 24. Accordingly, Petitioner's motion must be denied.

Moreover and even assuming that Petitioner had made arguments under all four elements of the *Winter* test, the Court almost certainly would have denied the motion because the relief Petitioner seeks is improper. Petitioner has asked this Court to issue an injunction or restraining order repealing a California state law provision regarding good time credits. Petitioner has also asked the Court to require the CDCR to retroactively apply a good conduct provision passed on May 1, 2017. These requests, however, are not properly before the Court because they were not raised in Petitioner's original habeas petition. *See generally* Dkt. No. 1. Thus, even if Plaintiff had met the elements of the preliminary injunction and/or restraining order, the Court still would have denied the relief requested.

Accordingly, the Court **DENIES** Plaintiff's motion for preliminary injunction and/or temporary restraining order.

/ / / /

**IT IS SO ORDERED.**

Dated: August 16, 2017

Hon. Gonzalo P. Curiel
United States District Judge