UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DANIEL ALEXANDER,<br><br>                            Petitioner,<br>v.<br>RAYMOND MADDEN,<br><br>                           Respondent. | Case No.: 3:15-cv-002498-GPC-AGS<br><br>**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION**<br><br>**[ECF No. 27.]** |

      Pending before the Court is Petitioner James Daniel Alexander's ("Petitioner") Motion for Reconsideration pursuant to Federal Rules of Civil Procedure 52(b) and Civil Local Rule 7.1. (ECF No. 27.) Petitioner seeks reconsideration of the Court's August 16, 2017 order denying his motion for a preliminary injunction. (*See* ECF No. 24.) Having reviewed Petitioner's motion and the applicable law, for the reasons set forth below, the Court **DENIES** Petitioner's Motion for Reconsideration.

**I.    BACKGROUND**

      On September 7, 1995, Petitioner was found guilty of first degree burglary in violation of California Penal Code § 459 and § 460. (ECF No. 1-1 at 4.[1]) Having sustained a prior felony conviction pursuant to Penal Code § 667(d)(1) and two prior

---

[1] Pagination cited in this ruling references the pagination provided by the CM/ECF system.

strikes under Penal Code § 667(e)(2), Petitioner was sentenced to an indeterminate term of thirty years to life with the possibility of parole. (*Id*.)

Pursuant to an order by a panel of three federal judges entered on February 10, 2014, California adult correctional institutions were required to implement policies to reduce prison populations. (*See* ECF No. 1-1 at 44-45.) Specifically, the Order required institutions to increase good time credits for non-violent second strike offenders. (*Id*. at 45.) In response to the Order, the California Department of Corrections and Rehabilitation ("CDCR") amended the Good Conduct Credit provisions of the California Code of Regulations ("CCR") to permit a higher percentage of Good Conduct Credit to qualifying inmates. 15 C.C.R. § 3043.2. The changes relevant to Petitioner's motion fall under § 3043.2(b)(1)-(3), specifically the provisions allowing non-violent second and third strike offenders to earn between 33.3 to 50 percent of credit.[2] The changes to § 3043.2 became effective May 1, 2017, and are not retroactive. (ECF No. 24 at 2.)

On May 30, 2014, the CDCR issued a memorandum to all CDCR inmates

---

[2] Section 3043.2(b)(1)-(3) provides:

(b) Notwithstanding any other authority to award or limit credit, effective May 1, 2017, the award of Good Conduct Credit shall advance an inmate's release date if sentenced to a determinate term or advance an inmate's initial parole hearing date pursuant to subdivision (a)(2) of section 3041 of the Penal Code if sentenced to an indeterminate term with the possibility of parole pursuant to the following schedule:

(1) No credit shall be awarded to an inmate sentenced to death or a term of life without the possibility of parole;
(2) One day of credit for every four days of incarceration (20%) shall be awarded to an inmate serving a determinate or indeterminate term for a violent felony as defined in subdivision (c) of section 667.5 of the Penal Code, unless the inmate qualifies under paragraph (4)(B) of this section or is statutorily eligible for greater credit pursuant to the provisions of Article 2.5 (commencing with section 2930) of Chapter 7 of Title I of Part 3 of the Penal Code;
(3) One day of credit for every two days of incarceration (33.3%) shall be awarded to an inmate sentenced under the Three Strikes Law, under subdivision(c) of section 1170.12 of the Penal Code, or under subdivision (c) or (e) of section 667 of the Penal Code, who is not serving a term for a violent felony as defined in subdivision (c) of section 667.5 of the Penal Code, unless the inmate is serving a determinate sentence and qualifies under paragraph (5)(B) of this section.

2

notifying them of the changes to the Good Conduct Credit provisions. (ECF No. 1-1 at 40.) In response to the memorandum issued by CDCR, Petitioner filed an administrative appeal with CDCR complaining about his ineligibility to receive the 33.3 percent conduct credits awarded to qualifying second strike inmates. (*See* ECF No. 1-2 at 1.) Petitioner argued such decision was a violation of his equal protection rights. (*Id*.) Petitioner's administrative appeal was denied at the third and final level of review on January 9, 2014. (*Id*. at 2.)

Following Petitioner's administrative denial, Petitioner filed a petition of writ of habeas corpus with the Orange County Superior Court. (ECF No. 1-1 at 11–14.) Petitioner's habeas petition was denied on August 18, 2015. (*Id*. at 4.) Petitioner appealed to the California Supreme Court, which denied the petition on October 14, 2015. (*Id*. at 3.)

On November 3, 2015, Petitioner filed a petition for writ of habeas corpus pursuant 28 U.S.C. § 2254. (ECF No. 1.) In his petition, Petitioner raises the following arguments. First, he argues he is being "denied commensurate good conduct credit benefits that have been afforded to similarly situated prisoners." (*Id*. at 6.) Next, he argues California Penal Code § 667(e)(2) "does not prevent CDCR [California Department of Corrections and Rehabilitation] from granting [him] prison credit conducts." (*Id*.) Petitioner further argues that his "fundamental right of physical/personal liberty" is at issue and that he is a "class of one" for purpose of his equal protection claim. (*Id*.) Finally, Petitioner argues there is "no legitimate governmental interest in denying [him] prison conduct credits." (*Id*.)

Petitioner filed a Motion for a Preliminary Injunction and/or a Temporary Restraining Order. (ECF No. 24.)[3] In his motion, Petitioner alleged equal protection

---

[3] The standard for issuing a temporary restraining order is that same as that for a preliminary injunction. *See Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977); see *also Koller v.*

3

violations by CDCR. (*Id*. at 1-2.) Petitioner argued that CDCR is refusing to apply to the new Good Conduct Credit provisions retroactively, which is resulting in a violation of his equal protection rights. (*Id*. at 2.) In his motion for a preliminary injunction, Petitioner asked the Court to do the following:

> (1) require[] CDCR to retroactively apply the newly implemented good conduct credit provision of CCR, Title 15, Section, 3043.2(b)(3); and (2) to require[] CDCR to repeal the language contained within CCR, Title 15, Sections 2449.1(a)(1) and 3940(a)(1)—that excludes NVTS [Non-Violent Third Strike] prisoners from early parole considerations, and that are guaranteed to 'any person convicted of a non-violent felony offense' under California Constitution, Article 1, Section 32(a)(1).

(*Id*. at 4.) After a careful consideration of Petitioner's motion, the Court denied it. The Court's basis for denial was based upon Petitioner's failure to satisfy the four elements that must be demonstrated by a party seeking the issuance of a preliminary injunction: (1) likelihood of success on the merits, (2) likelihood that the movant will suffer irreparable harm absent an injunction, (3) that the balance of equities tips in the movant's favor, and (4) that an injunction is in the public interest. (*See* ECF No. 25 at 3 (citing *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008)).) The Court stated:

> Even construing Petitioner's motion liberally, it does not satisfy the four elements of this test. Petitioner states that he will suffer irreparable harm in the form of 'continued incarceration,' but irreparable injury is just one of the four elements that must be satisfied in order to obtain a preliminary injunction or restraining order. Petitioner makes no argument about why he is likely to succeed on the merits of his claims, why the balance of equities tips in his favor, or why the injunction is in the public interest. Accordingly, Petitioner's motion must be denied.

(*Id.* at 3 (citations omitted).) The Court also noted that even if Petitioner would have met the *Winter* test, his motion would have still been denied because his requests were not grounded in claims raised in Petitioner's original habeas petition. (*Id*.)

---

*Brown*, 224 F. Supp. 3d 871, 875 (N.D. Cal. 2016). Petitioner's motion is analyzed under the *Winter* test. *See Winter v. Natural Resources Defense Counsel*, 555 U.S. 7, 24 (2008).

4

Petitioner has now filed a motion for reconsideration of the order denying his motion for a preliminary injunction. (ECF No. 27.) Petitioner argues "the Court mistakenly concluded that a request in Petitioner's motion for a preliminary injunction/temporary restraining order was not raised in the original habeas petition." (*Id.* at 1.) Petitioner seeks reconsideration only of the portion of the order denying his request to have CDCR retroactively apply good conduct credits at the rate of 33.3 or 50 percent. (*Id.* at 2.)[4]

## II. LEGAL STANDARD

A motion for reconsideration may be brought under either Federal Rule of Civil Procedure 59(e) or 60(b). *In re Arrowhead Estates Dev. Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994) (citing *Sch. Dist. No. 1J, Multnomah County, Or. v. Acands, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993)); *see also* S.D. Cal. L. Civ. R. 7.1(i). The Court has discretion in granting or denying a motion for reconsideration. *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1441 (9th Cir. 1991). A motion for reconsideration should not be granted absent highly unusual circumstances. *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence; (2) clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty.*, 5 F.3d at 1263. "Clear error occurs when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" *Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013).

## III. DISCUSSION

Petitioner does not suggest that there is any new evidence or that the order was manifestly unjust; he argues only the Court committed clear error by mistakenly denying the motion for preliminary injunction. (*See* ECF No. 27 at 1.)

---

[4] Petitioner concedes that other his second request in his motion for a preliminary injunction—seeking a repeal of regulatory language—was not properly raised. (ECF No. 27 at 2.)

"A preliminary injunction is an extraordinary remedy and never awarded as of right." *Winter*, 555 U.S. at 24. As discussed above, to obtain a preliminary injunction, the moving party must demonstrate (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in the moving party's favor; and (4) that an injunction is in the public interest. *Id*. at 20.

Injunctions come in two forms: prohibitory and mandatory. *Arizona Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1060 (9th Cir.2014). "A mandatory injunction orders a responsible party to take action, while a prohibitory injunction prohibits a party from taking action and preserves the status quo pending a final resolution on the merits." *Id*. (internal citations and quotations omitted). A mandatory injunction goes well beyond simply maintaining the status quo and is "particularly" disfavored. *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1979). Mandatory preliminary relief "should not be issued unless the facts and law clearly favor the moving party." *Id*. In his motion Petitioner sought an injunction requiring CDCR to retroactively apply Good Conduct Credits, which would alter the status quo. As a result, the requested injunctive is mandatory in nature, and is subject to a heightened burden of proof.

In his motion for reconsideration, Petitioner argues "the district court mistakenly concluded that a request in the motion for a preliminary injunction/temporary restraining order was not raised in the original habeas petition." (ECF No. 27 at 3.) Even assuming Petitioner is correct on this point, he still has not offered any argument suggesting that the *Winter* elements are satisfied in this case.

As indicated above, a party seeking a preliminary injunction must demonstrate they he is likely to succeed on the merits of their challenge to a particular law. *See Winter*, 555 U.S. at 7, 20. Petitioner argues that CDCR's failure to apply good conduct credits retroactively is a violation of his equal protection rights. (ECF No. 24 at 1.) Since Petitioner formulates his claim as a "class of one" claim (*see* ECF No. 1-1 at 6), to

6

prevail he must show that (i) he has been intentionally treated differently from others similarly situated and (ii) that there is no rational basis for the difference in treatment. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). "A similarly situated offender is one outside the protected class who has committed roughly the same crime under roughly the same circumstances but against whom the law has [or has] not been enforced." *United States v. Lewis*, 517 F.3d 20, 27 (1st Cir.2008) (citing *United States v. Armstrong*, 517 U.S. 456, 465 (1996)).

First, Petitioner argues that "similarly situated 'Non-Violent Second Strike' (NVSS) prisoners . . . have been afforded a retroactive application of their good conduct credits." (ECF No. 24 at 2.) However, Petitioner is a non-violent *third* strike offender. (*Id.* at 6.) Rather than showing how he is similarly situated to such second strike offenders, Petitioner offers only conclusory assertions that some inmates that have been convicted of the same crime—or even of worse crimes—are being afforded the benefit of the new good conduct credit provision. (*See* ECF No. 24 at 6.) But it is clear that Petitioner is differently situated from NVSS prisoners because he has been convicted of more qualifying offenses than NVSS prisoners.

Next, because the CCR regulations are not retroactive, Petitioner argues "any and all identically situated 'Non-Violent Third Strike' (NVTS) prisoners—who have been received into CDCR after May 1, 2017—will serve only 20 years before they become eligible for a parole suitability hearing" as opposed to Petitioner, who will have to wait 28. (*Id*. at 2.) Even assuming Petitioner is similarly situated to NVTS prisoners "received into CDCR" after May 1, 2017, it was likely not irrational for CDCR to choose against applying its new policy retroactively. Retroactivity would have caused every third-strike prisoner in the California system to apply for a sentence reduction, which would have drained considerable resources and created significant administrative delays. As the CDCR explained:

A number of reasons support the department's determination that new and

7

3:15-cv-002498-GPC-AGS

revised credit earning programs should be implemented prospectively. First, implementation of all the new and revised credit earning programs will likely affect the credit calculations of more than 80,000 inmates. To do so prospectively represents a major task for almost all of the divisions and branches of the department, but especially for the staff responsible for updating information technology systems, auditing release date calculations, and developing credit earning programs. To apply the credits retroactively would require significantly more time, staff, and resources.

Cal. Dep't of Corr. & Rehab., *Notice of Change to Regulations*, 2017 CA REG TEXT 462644 (NS), *available at* https://www.cdcr.ca.gov/Regulations/Adult_Operations/docs/NCDR/2017NCR/17-05/17-05.pdf, at 10. This was a rational choice.

Even if there was a reason to believe Petitioner is likely to succeed on the merits of his claims, he offers no argument in his original memorandum or motion for reconsideration showing why the balances of equities tip in his favor or that an injunction is in the public interest. *Winter*, 555 U.S. at 20 (explaining that both must be shown for a preliminary injunction to be proper).

In sum, the Court correctly denied the motion for preliminary injunction because Petitioner has failed to satisfy the *Winter* factors.

## CONCLUSION

For the foregoing reasons, the Court finds that Petitioner failed to demonstrate the Court committed clear error in denying his motion for a preliminary injunction. Accordingly, the Court **DENIES** Petitioner's Motion for Reconsideration.

**IT IS SO ORDERED.**

Dated: June 26, 2018

Hon. Gonzalo P. Curiel
United States District Judge

8
3:15-cv-002498-GPC-AGS